13739.   MARSTON, *alias* HENDERSON, *v.* THE STATE.

1. Under the facts of this case there was no error in allowing a witness to testify that " the Home Savings Bank was incorporated by the legislature by act of December 1, 1888. The bank is a corporation."
2. The court did not err in admitting in evidence the draft alleged to have been forged and upon which the prosecution was based.
3. In instructing the jury the judge referred to the Home Savings Bank of Columbus, Ga., as the Macon Savings Bank of Columbus, Ga. This was an immaterial inadvertence which could not have misled the jury.
4. Where the first letter of the surname of the party who signed the draft alleged to have been forged was so poorly formed as to leave it uncertain whether it was an " M " or a " W ", the judge properly submitted the question to the jury.
5. The conviction of the defendant not depending upon circumstantial evidence, the court did not err in failing to instruct the jury upon the law in regard to such evidence.
6. There is evidence to support the verdict.

DECIDED JULY 25, 1922.

Indictment for forgery; from Bibb superior court — Judge Mathews.   May 25, 1922.

*E. W. Butler, H. F. Rawls, Clyde A. Allen,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J.   The accused was charged with forging the name of Frank Marston to a draft on the Home Savings Bank of Columbus, Ga., for $200.   There was evidence that two days before the alleged forgery the defendant presented himself at the Fourth National Bank of Macon, expressing a desire to draw some money from his account at Columbus, and gave his name as Frank Marston; that he came back later and the assistant cashier of the Fourth National Bank drew the draft which is the subject-matter of the indictment, and presented it to the defendant for his signature, and the defendant signed it; that in signing it he made the letter " M " resemble the letter " W "; that the Home Savings Bank of Columbus, upon which the draft was drawn, did have a deposit for about $1,500 in the name of Frank Marston, who was a white man, and the defendant was a negro.   Immediately after signing the draft the defendant was arrested, and he gave the same name to the arresting officer that he gave to the cashier, viz. Frank Marston.   So far as the record shows, the defendant's real name was never disclosed in the presence of the jury or during the trial of the case.   In his

statement at the trial he did not say what his name was, but contended that he thought he had the funds in the bank upon which the draft was drawn. He was found guilty, made a motion for a new trial, which was overruled, and brought the case to this court for review.

1. The 1st special ground of the motion complains that the court erred in permitting a witness to testify that " the Home Saving Bank was incorporated by the legislature by act of December 1, 1888. The bank is a corporation." Even if this evidence was inadmissible, it was harmless to the defendant, as there was other evidence, properly admitted, which showed that the Home Savings Bank was a banking institution and doing business as such at the time of the alleged forgery. Besides, the trial court was authorized to take judicial cognizance of the fact that this was a chartered bank, since it was chartered by the State. See *Griffin* v. *State,* 15 *Ga. App.* 520, 531 (83 S. E. 891), and cases cited.

2. The 2d special ground of the motion objected to the admission in evidence of the draft alleged to have been drawn by the defendant, " on the grounds that the indictment alleged that it was signed ' Frank Marston,' and the evidence showed that it was signed ' Frank Warston.' The proof must follow the allegation of the indictment, and the draft is irrelevant and inadmissible, because it has been shown that it is not the draft described in the indictment." The evidence shows that the defendant repeatedly gave his name to the cashier as Frank Marston; that he had the cashier to telegraph about the account in that name; and that he told the arresting officer that his name was Frank Marston. The defendant also, in his statement at the trial, said that after he signed " Frank " to the draft the ink in his pen gave out; and this could have effected the shaping of the first letter that he wrote after he resumed writing his name. All of these things the jury had a right to consider, in connection with the draft itself, in determining whether or not the name signed was Frank Marston or Frank Warston. In this connection the trial judge charged the jury: " The defendant contends that the name signed to the real draft is not signed the name that is set out in the indictment as being signed to the draft. That is a matter for the jury to determine. I charge you if he signed the

draft with a name that a person of ordinary intelligence would not take as Frank Marston, or would not be so taken by the bank in which Frank Marston had a deposit, then he is not guilty of the offense charged. But if he signed a name to a draft with a fraudulent intent and signed the name that would be taken ordinarily as the name of Frank Marston, by a person of ordinary intelligence in the bank, charged with the duty of cashing checks, then I charge you he would be guilty, if it was done with a fraudulent intent." In Emmons *v.* State, (Tex. Cr. App.) 43 S. W. 518, where the first letter of a written forged order was so poorly formed that it might be read Weeks, Meeks, or Neeks, it was held that writing it Weeks in the indictment was no variance. See also 26 Corpus Juris, 950, 951, §§ 99, 100, and footnotes.

3. The 3d special ground of the motion for a new trial alleges error because the judge, in charging the jury, said: "Macon Saving Bank of Columbus, Ga.," instead of "Home Savings Bank of Columbus, Ga." This was an immaterial inadvertence, and was harmless to the defendant.

4. The 4th special ground of the motion for a new trial complains of the excerpt from the charge which is embodied in this opinion in our discussion of special ground 2, in which charge the trial judge left to the jury the deciphering of the signature to the draft, — whether or not it was the same name as alleged in the indictment,— and also the intent of the defendant. There is no error in this charge.

5. The 5th special ground of the motion for a new trial, contending "that the law of circumstantial evidence should have been charged without a request," is without merit.

6. There is evidence to support the verdict, which has the approval of the trial judge; and, no reversible error of law appearing, the judgment is

     *Affirmed. Broyles, C. J., and Luke, J., concur.*